## PERRON *vs.* MAILLAN.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE
JUDGE OF THE SECOND PRESIDING.

The sheriff's deed executed and duly recorded in the clerk's office from whence the execution issued, is full proof of what it contains, in all the courts of the state, in the same as a notarial act.

But if a sheriff's deed imports a special mortgage to secure the payment of the price stipulated in it, it must be recorded in the mortgage office of the parish where the property is situated, to have that effect against all persons.

So, in a petitory action, to recover property purchased at sheriff's sale, the sheriff's deed, registered in the clerk's office, is of such authenticity as authorizes it to be read in evidence, without further proof of its execution or publicity.

    This is a petitory action, in which the plaintiff seeks to recover from the defendant, a tract of land on the Mississippi, in virtue of a sheriff's sale.    The defendant holds the land in controversy by a regular sale and purchase by authentic act, subsequent to the sale to the plaintiff by the sheriff.

On the trial the plaintiff offered the sheriff's deed as <span style="float:right">EASTERN DIST,</span> evidence of his title, which being opposed and rejected by the *February*, 1837. court, from a judgment rendered against him, he appealed.

PERRON<br>vs.<br>MAILLAN.

*Labauve*, for the plaintiff, argued the case *ex parte*.

1st. The court below erred in rejecting the sheriff's deed, offered in evidence by the plaintiff. This deed should have been received and admitted in evidence, and the question whether it was a good title against the defendant, would have been examined and decided on the merits, after both parties had produced all their titles; but the plaintiff and appellant contends, that there is no law compelling a purchaser, for cash at sheriff's sale, to record his deed in any parish judge's office.

2d. The judgment of the court should have been one of non-suit, the court having erroneously rejected the sheriff's deed, the plaintiff could no longer, admitting it was necessary, show that the same had been duly recorded in the parish judge's office; had the court received the deed, the plaintiff might afterwards show it was recorded. No law compels a party to make out his case at once, nor is there any manner described by law, by which evidence should be introduced ; all that the court has to see is, that the evidence should be admissible and legal when offered, and whether it makes out the case that is to be decided, after receiving the evidence of both parties.

3d. The judgment rendered below should be here reversed, the case remanded for a new trial, with instruction to the judge not to reject the sheriff's deed.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff in this case sues to recover a tract of land, in the possession of the defendant, of three arpents, front on the Mississippi, in the parish of West Baton Rouge. He claims title under a sale to him by T. G. Morgan, who, he alleges, acquired it by purchase from Maximilian Leblanc, by whom it had been purchased, on the 21st January, 1828, at a sheriff's sale, in the suit of Leblanc *vs.* Firmin Guidry, the

EASTERN DIST. tract of land having been sold as the property of Baptiste
February, 1837. Guidry, the surety, in a twelve months' bond.

PERRON
vs.
MAILLAN.

The defendant sets up title under a sale of Baptiste
Guidry, by authentic act, passed before the judge of the
parish of West Baton Rouge, on the 22d November, 1834.

During the progress of the trial the plaintiff offered in
evidence, the act of sale executed by the sheriff, of the land
in controversy. Its admission was objected to, on the ground
that it had not been recorded in the office of the parish judge
of West Baton Rouge, and that objection having been
sustained by the court, and the deed rejected as evidence,
the plaintiff took a bill of exceptions, to which the sheriff's
deed is annexed, and a copy is before us in the record.

The sheriff's deed appears to be in the usual form, and
there is endorsed upon it a certificate of the clerk, that it had
been duly recorded in his office, within the ten days next
following its date.

The only question, therefore, which this bill of exceptions
presents for our consideration is, whether the deed was

The sheriff's
deed executed
and duly record-
ed in the clerk's
office, from
whence the exe-
cution issued, is
full proof of
what it contains
in all the courts
of the state, in
the same as a
notarial act.
But if a she-
riff's deed im-
ports a special
mortgage to
secure the pay-
ment of the price
stipulated in it,
it must be re-
corded in the
mortgage office
of the parish
where the pro-
perty is situated,
to have that
effect against all
persons.

admissible in evidence without proof, that it had also been
recorded in the office of the parish judge.

The Code of Practice requires that the sheriff shall,
within ten days at furthest, deliver to the clerk of the court
the original of the act of sale which he has passed to the
purchaser, and makes it the duty of the clerk to record the
act literally in a record book, to be kept by him for that
purpose, and to endorse on the original his certificate of the
registry. " This act thus recorded and delivered to the
purchasers, shall be held as full proof of what it contains in
all the courts of this state, in the same manner as an act
before a notary would be." *Articles* 697–698. A previous
article requires that if the act of sale includes a special
mortgage to secure the payment of the price stipulated, the
sheriff *shall have it recorded* before sending it to the clerk.
*Article* 696.

The deed in question does not include a special mortgage
to secure the payment of the price; on the contrary, the
sheriff declares that the price had been paid in hand, and

consequently the case is not to be governed by the article of the Code last cited. The registry in the clerk's office gave to the sheriff's deed such authenticity as authorized its being read in evidence, without further proof of its execution or publicity, and we are of opinion that the court erred in rejecting it. The effect which ought to be given to it as evidence of title against a second purchaser, by authentic act duly recorded in the parish judge's office from the original proprietor, who, in the mean time, had remained in undisturbed possession, notwithstanding the sheriff's sale, is a distinct question, and one upon which the decision of the case may ultimately turn. It is a question which, in the present stage of the proceedings, we do not feel ourselves authorized to approach. How far the forced alienation was valid against B. Guidry, himself, may depend upon proofs, independent of the sheriff's deed; and the defendant who holds directly from him may, or may not, have had notice of that alienation. Of these matters we are not sufficiently informed by the record to enable us to decide finally upon the relative pretensions of the parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded for a new trial, with instructions to the judge not to reject the sheriff's deed as evidence, on the ground that it does not appear to have been recorded in the office of the parish judge, and that the appellee pay the costs of the appeal.