### DUPLESSIS *vs.* BOUTTE ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SEVENTH DISTRICT PRESIDING.

Where a debtor cedes *all his property*, both *real and personal*, to his creditors, and afterwards sells a part of it, although not placed on his bilan, such sale will be regarded as a nullity, as being made of property the debtor had no right to sell, and will not support the prescription of one year.

The prescription of ten years, cannot be opposed to a claim for a tract of land, when the act of sale under which it is held, has not been recorded in the parish where the land is situated.

3. The title by which land is held, has no effect as to third persons, when it is not recorded in the parish where the land is situated, according to the act of 1810.

This is an action of partition. The plaintiff alleges, that an order of survey was granted by governor Galvez, then governor of the province of Louisiana, in 1777, to Degruys, Frères, (four brothers,) of forty arpents of land on each side of the bayou Teche, with the usual depth; and that said grant was regularly confirmed to the grantees, by the government of the United States. He further shows, that one fourth of this tract, or ten arpents on each side, it being the portion coming to Antoine D. Degruys, now belongs to him by

regular sale and conveyance ; and that said tract of land is still in a state of indivision among all the owners ; that one fourth belongs to the estate of D. Degruys, represented by his executor ; another fourth to the estate of Verlin Degruys, represented by his executor, and the remaining fourth to the insolvent estate of J. B. Degruys, now represented by Sosthene Roman, syndic of the creditors ; that he understands that one François C. Boutté, *père*, claims a portion of this land, under some of the original grantees.  He prays that they all be cited, and that a partition be made.

Boutté appeared, and averred, that he was the owner of three fourths of the land in question, and was willing for a partition.

S. Roman, as sole syndic of the creditors of J. B. Degruys, claimed one fourth of said land for the creditors.  He avers, that in October, 1812, the insolvent made a surrender of his property, in the Territorial Court, in New-Orleans, for the benefit of his creditors, and with a view of defrauding them, concealed his interest in the said tract of land, and failed to place it on his bilan ; that it was not discovered until lately, and if he ever conveyed his interest therein to Boutté, (which is denied,) it was fraudulent, without consideration, and long after the cession of his property.  He prays, that if any conveyance be discovered, that it be annulled.

Boutté, amending his answer, denied the syndic's authority to sue, and averred, that if ever he had any right to the land in question, it is barred by the prescription of ten years, and also of one year.

On these pleadings and issues the case was tried by the court.

The only contest was between the syndic and François C Boutté.  The latter claimed his one fourth part of the land, under a notarial act from Degruys, dated the 21st May, 1818.

The counsel of the syndic objected to the admissibility of this act in evidence, except as *rem ipsam ;* and they particularly objected to the recitals in the said act being evidence of a previous sale by parole, or otherwise.  The court admitted it, and a bill of exceptions was taken to its decision.

WESTERN DIST.
*Sept.* 1837.

DUPLESSIS
*vs.*
BOUTTE ET AL.

The district judge was of opinion, that the plaintiff, Duplessis, was the true owner of one fourth, and that François C. Boutté, *père*, was the rightful owner, by purchase, of the remaining three fourths of said tracts of land, and ordered the case to be sent to a notary for a partition, accordingly.

The court was also of opinion, that the claim of the syndic to have the sale from J. B. Degruys to Boutté annulled, on the ground of fraud against his creditors, was barred by the prescription of one year.

From this judgment the syndic appealed.

*Bowen* and *King*, for the appellant, contended, that the sale from Degruys to Boutté was null, because the cession of the former, in 1812, vested in the representative of his creditors the right to sell all his property, (except wearing apparel, etc., exempted by law,) to form a fund for the payment of his debts. The insolvent could exercise no rights over his property, inconsistent with the right of the syndic to sell, etc., without previously putting an end to the cession by paying his debts. This he has not done, and it does not appear there is any surplus. *Civil Code, page* 294, *article* 166, 172.

2. The fact, that the insolvent concealed his property, and did not include it in his schedule, cannot enlarge his rights. He is bound to surrender all his property, and cannot retain a part, on the ground that he has given up enough to pay his debts. 3 *Martin,* 232.

3. The act of sale of the 21st May, 1818, from Degruys to Boutté, containing recitals of a previous sale, and consideration money, is no evidence as against third persons. It is only *rem ipsam, i. e.* such an act was passed. There is no legal evidence of any previous sale ; and a sale by the insolvent after session is void. 3 *Martin,* 386.

4. This sale could vest in the vendee no other or greater rights than the vendor had in the property attempted to be conveyed. If he had no rights he conveyed none, and the conveyance is without consideration, fraudulent and void as to creditors.

WESTERN DIST.
Sept. 1837.
DUPLESSIS
vs.
BOUTTÉ ET AL.

5. Boutté cannot claim, under this sale, in virtue of the prescription of *ten years*, because his title is not valid, being a sale without consideration, or a disguised donation ; he is not a possessor in good faith, and has not proved either an actual or civil possession of the premises.

6. The prescription of one year only, runs from the settlement of the insolvent's estate, or from the discovery of the fraud.

*Simon*, for the appellee, Boutté.

*Martin, J.*, delivered the opinion of the court.

The plaintiff, as vendee of D. Degruys, to whom, and his three brothers, a tract of land had been granted, brought this action against François C. Boutté, who set up title to three fourths of this land, as vendee of the other three brothers.

Sosthène Roman, as syndic of the creditors of Jean Baptiste Degruys, who is one of the vendors of Boutté, contested the title of the latter to the share he purchased from the insolvent. The district court admitted the title of Boutté as valid, and from judgment rendered in his favor, the syndic appealed.

The only question presented for our decision, is, whether Boutté or the syndic be entitled to the share of the insolvent.

The cession took place in 1812, and by a notarial act the insolvent ceded to his creditors all his estate, both real and personal. Nothing was said in the act about the interest which he had in the land, the partition of which is now sought, and it was not placed on the bilan as part of his estate.

In 1818, J. B. Degruys sold and conveyed his share in said land to Boutté, by an act passed before a notary public in the city of New-Orleans, the body of which recites, that Degruys had theretofore sold his share in this land by a verbal sale to the said Boutté, who had *then* (fourteen years before the date of the act) paid the sum of three hundred dollars as the consideration of the sale. The notarial act was never recorded in the parish of St. Martin, in which the

*Where a debtor cedes all his property, both real and personal, to his creditors, and afterwards sells a part of it, which was not placed on his bilan, such sale will be regarded as a nullity, as being made of property the debtor had no right to sell, and will not support the prescription of one year.*

44

WESTERN DIST.
Sept. 1837.

DUPLESSIS
vs.
BOUTTE ET AL.

The prescription of ten years, cannot be opposed to a claim for a tract of land, when the act of sale under which it is held, has not been recorded in the parish where the land is situated.

The title, by which land is held, has no effect as to third persons, where it is not recorded in the parish where the land is situated, according to the act of 1810.

land is situated. Boutté relied on the prescriptions of one and ten years, on the ground that the syndic was attempting to set aside the sale of Degruys to him, as being made in fraud of creditors, urging that this could not be successfully done after the lapse of one year. *Louisiana Code, article* 1989.

It does not appear to us that the syndic opposes the sale as that of property belonging to Degruys, and which he has sold with a view to defraud his creditors, but as a sale of property which he had already ceded to them, and to which he had no longer any right. The prescription of one year, cannot, therefore, avail the appellee in this case ; neither can he successfully oppose the prescription of ten years, because the title under which he claims, has no effect as to third persons, not having been recorded in the parish in which the land is situated, which is required by an act of the legislature passed in 1810.

We have not inquired whether Boutté can avail himself of the recital in the notarial act, because this would be giving some effect to an act, which we have already said, can have none.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and that partition be made of the land in question, so as to give one half thereof to François C. Boutté ; one fourth to the plaintiff, and the remaining fourth to S. Roman, syndic of the creditors of J. B. Degruys ; the costs of the appeal to be paid by Boutté, and those of the District Court, out of the property to be partaken.