### Benjamin Lee *v.* James Darramon, and another.

The provisions of arts. 697 and 698 of the Code of Practice, requiring the sheriff to cause the act of sale executed by him for property sold under a *fi. fa.*, to be recorded in the office of the clerk of the court from which the writ was issued, were designed to give to the sheriff's deed the authenticity of a notarial act, and to authorize its introduction in evidence without further proof of its execution. They do not repeal, nor in any way modify the act of the 24th March, 1810, which declares, sect. 7, that no notarial act concerning immoveable property shall have effect against third persons, until recorded in the office of the parish judge of the parish in which it is situated ; nor that of 26th March, 1813, providing, sect. 1, that sales of land or slaves, under execution, shall, except between the parties, be void, unless so recorded.

The act of 20th March, 1827, establishing the office of Register of Conveyances for the city and parish of New Orleans, was intended only to create a particular office, for that city and parish, in which all transfers of immoveable property should be

recorded, which, in other parishes, were required to be recorded in the office of the parish judge.

Where the sheriff's deed for immoveable property sold under a *fi fa.*, subject to a previous mortgage, has not been recorded in the office of the parish judge of the parish in which the property is situated, it will be without effect as to the hypothecary creditor, who may seize and sell the same as if in possession of the original debtor.

APPEAL from the District Court of Madison, *Curry*, J.

*Bemiss*, for the appellant.

*F. H. Farrar*, for the defendants.

MORPHY, J.  The plaintiff is appellant from a judgment dissolving an injunction he had obtained to stay the execution of two writs of seizure and sale, issued at the instance of the defendants, as judgment creditors of one Nicholson Barnes.  These writs were levied on property in the parish of Madison, which had been specially mortgaged by Barnes to secure the payment of two promissory notes, on which the defendants' judgments were rendered.  The principal ground relied on by the plaintiff in injunction, is, that he had purchased the premises seized, together with other property, on the 19th of April, 1841, at a sheriff's sale, made in virtue of previous executions against Barnes, and that being a purchaser and third possessor of the land mortgaged to the defendants, the latter should have resorted to an hypothecary action, as required by article 709 of the Code of Practice, and could not seize it in their hands, as if yet belonging to their debtor.  To this, the appellees have answered, that they were not obliged to treat him as a third possessor, because they were without any legal notice of the sheriff's sale, which has never been recorded in the parish judge's office, and that without such registry it can have no force and effect as to third persons.  The record shows that the sheriff's sale to Benjamin Lee, has not been recorded in the office of the parish judge of Madison; and it is admitted, that since the sale, both Barnes and Lee have lived upon and possessed the premises.

The act of the 26th of March, 1813, (B. & C.'s Dig. p. 596,) provides, sect. 1, "that all sales of lands or slaves made by any sheriff, or other officer, by virtue of any execution," &c., shall be recorded in the parish where the land is situated, otherwise they shall be "utterly null and void, to all intents and purposes, except

between the parties thereto." The act of the 24th of March, 1810, (sect. 7, same Dig. p. 596,) provides, " that no notarial act concerning immoveable property shall have any effect against third persons, until the same shall have been recorded in the office of the judge of the parish where such immoveable property is situated." We understand that the law of 1827, creating a Register of Conveyances for New Orleans, has only established for that city and parish a particular office, where all transfers of immoveable property or slaves are to be recorded, in the same manner as, in the other parishes of the State, the registry is under the above quoted laws, to be made in the offices of the parish judges. Under these provisions of law this court has held, that, without such registry, alienations of immoveable property are not binding against third persons. 11 La. 342, 490. 15 Ib. 269. But it has been strenuously urged by the appellant's counsel, that, so far as sheriffs' sales are concerned, a change in the law on this subject has been made by articles 697 and 698 of the Code of Practice ; and we have been referred to a decision in the 10 La. 522, which, it is said has so construed them. On examining that case, we find that the court have only decided, that the registry in the clerk's office gives to the sheriff's deed all the authenticity of a notarial act, and authorizes its being read in evidence without further proof of its execution. Such we still believe to be the whole meaning and effect of these articles of the Code. We cannot consider them as repealing, or modifying in any way the acts above quoted, on the subject of the recording required to be made in the offices of the parish judges. We are confirmed in this opinion by a subsequent law, passed on the 25th of March, 1828, which provides that in case of the loss of the original of a sheriff's sale, a copy from the clerk's office shall be admitted to record in the parish judge's office, and shall have the same effect, in every respect, from the time the same was recorded, as if the original itself had been recorded. We are, therefore, of opinion, that the defendants had the right of seizing and selling the land mortgaged to them, as if no sale had taken place, and that the injunction was properly dissolved. This view of the subject renders it unnecessary to notice the several other matters presented by the record.

*Judgment affirmed.*