————o————

No. 7012.

## SUCCESSION OF GEO. H. DOUGALL, ET AL., v. JOHN L. FOS.

### Syllabus.

1. A deed need not be recorded to form the basis of the prescription of ten years.

2. The heirs of the vendor are bound by the warranty resulting from his deed of sale; they cannot take the assets of the succession and repudiate its obligations.

Appeal from the Civil District Court, Parish of Orleans, No. 113,357, Division "A"; Honorable T. C. W. Ellis, Judge. Affirmed.

John Dymond Jr. and A. G. Levy for plaintiff and appellant.

John D. Nix and R. A. Tichenor, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Geo. H. Dougall, during marriage acquired two certain lots of ground, the object of this controversy.

After the death of his wife, and more than ten years before this controversy, Dougall executed a document under private signature reciting in substance that for and in consideration of the sum of $150 to be paid to his heirs, he (Dougall) had sold the two lots of ground to John L. Fos, who agreed to pay all taxes thereafter.

Fos then went into possession, paid all taxes until Dougall's death, tendered the $150 to Dougall's heirs, and then recorded his deed.

We take this deed to be a sale, and we find nothing uncertain about the price.

Whatever defect there was in the title which Fos acquired at the time of sale has been cured by the prescription of ten years. For although it was held in *Duplessis v. Boutte*, 11 *La.*, 342, that an unrecorded deed cannot be the basis of a ten year prescription, yet it was held in *Hubnall v. Watt*, 11 *An.*, 57, and *Tracy v. Buck*, 11 *An.*, 100 that a deed need not be recorded to form the basis of the ten year prescription; and these two cases are the last expressions of the Supreme Court directly in point.

Moreover, we do not think that plaintiffs in this case are in a position to attack the deed of sale no matter what its defects.

True they are the heirs of Dougall's wife, but they are also the heirs of Dougall; have accepted his succession and are enjoying the property acquired through that succession. They are therefore bound by Dougall's obligations as fully as he himself would be bound. And one of Dougall's obligations was that of a warrantor towards Fos.

Dougall, as warrantor, could not be heard to attack the sale to Fos, and neither can his heirs; they cannot take the property of the succession and at the same time repudiate its obligations. *Qui sentit commodum sentire debet et onus.* 15 *An.,* 140. *Hennen's Digest, p.* 1469, *No.* 6.

Judgment affirmed.

Opinion and decree, May 14th, 1917.