Simon, J.
delivered the opinion of the court.
[331] On the application of the plaintiffs’ counsel, a rehearing was granted on the sole question whether legal interest should be allowed on the amount of the legacy from the day of the judicial demand of its payment or delivery, although such interest was not claimed in the petition.
This interest was disallowed in our first judgment, because the petition contained no prayer to that effect, but after an attentive and mature reconsideration of the question, we have been prompted to come to a different conclusion.
It is true that the art. 553 of the Oode of Practice, provides that “ interest shall not be allowed by the judgment, unless the same has been expressly claimed, and then, only in cases in which the law permits such interest to be stipulated.” But this article has received from this court in the case of Daquin et al. v. Coiron et al. 8 Mart. N. S. 608, the same construction which is contended for by the plaintiffs’ counsel; and which he was clearly justified in adopting, when he instituted this action. Our first impression was that this court had gone too far in establishing an exception to a rule which appears *203 to be general in its terms; but from a closer examination, we feel convinced that its application ought to he limited to cases in which conventional or stipulated interest is sought to he recovered without having' been demanded in the petition; with this view of the question, we are not disposed to deviate from the doctrine already established in our jurisprudence, that “ when the interest is a legal consequence of the debt or obligation, without any stipulation, a demand for the principal, is a demand of both principal and interest; the one necessarily follows the other.” Indeed, at the time that this suit was instituted for the recovery of the legacy, no interest was clue; consequently it could not he considered as being any part of the demand which might either be remitted or abandoned ; Code of Practice, arts. 1S6 and 157; such interest was to accrue subsequently, subject to its amount being increased in proportion to the delay occasioned by the refusal of the executors to comply [332] with the object of the principal demand; and the article 1619 of the La. Code, says positively that “ the particular legatee is entitled to claim the proceeds or interest of the thing bequeathed, from the day of the demand of its delivery, or from the day on which that delivery was voluntarily granted to him.” This interest, arising ex mora, depends merely upon the lapse of time during which the legatee has been deprived of the use and enjoyment of the legacy after his demand; and we are satisfied that in such case, the interest being a legal consequence of the demand of the debt or obligation on which the suit is brought, it may he allowed without its being specially claimed or prayed for in the petition. We conclude, therefore, that the plaintiffs are entitled to recover from the testamentary succession of Alexander Milne, deceased, five 'per cent, interest per annum on the amount of the legacy, from the day of the judicial demand thereof until paid; and that onr first judgment ought to he amended accordingly.
It is therefore ordered, adjudged and decreed, that in addition to our previous judgment, the plaintiffs do recover of the estate of Alexander Milne, deceased, five per cent, interest per annum on the amount of the legacy therein mentioned, from the day that the judicial demand thereof was made of the testamentary executors until paid.