No. 2235.—L. P. HARANG, MICHAEL J. HAUCK, subrogated, *v.* JOHN T. PLATTSMIER et al.

A notarial act of mortgage has no effect against third parties until it is registered in the office of the Recorder of Mortgages for the parish where the property is situated. Acts of 1855, No. 274, sec. 1, page 335.

Where three separate mortgages have been executed on the same piece of property at different dates, and the last of the three is recorded first, and the property has been sold to pay them, the proceeds must be applied by preference to the payment of the mortgage first recorded. The fact that the last mortgagee had notice of the existence of the other two mortgages of prior date will not avail.

APPEAL from the Seventh District Court of the parish of Orleans. *Collens*, J. *Braughn & Ogden*, for plaintiff and appellee, *Frank Haynes* and *T. A. Bartlette*, for appellants.

LUDELING, C. J. On the twenty-fourth of April, 1867, John T. Plattsmier executed before A. Mazureau, a notary public, an act of mortgage in favor of Charles G. Baquié for $2250 and interest. The notes thus secured by mortgage were indorsed by M. J. Hauck for the accommodation of Plattsmier. On the third December, 1867, Plattsmier executed another mortgage on the same property in favor of Michael J. Hauck for $1900. On the thirty-first day of December, 1867, still another mortgage was given on the property by Plattsmier in favor of Weaver to secure a debt due him for $1717.

In this last act of mortgage the two first mortgages are referred to as existing on the property.

The property mortgaged has been sold, and the contest is over the proceeds thereof. The two first mortgages were not recorded until after Weaver's mortgage. It appears from the evidence that Weaver had knowledge of the existence of the two first mortgages. Under the circumstances, can he take advantage of the want of registry of the two first mortgages?

The acts of the General Assembly, No. 285, approved on the fifteenth March, 1855, declares "that acts, whether they are passed before a notary public or otherwise shall have *no effect* against third persons but from their registry." § 9. Another statute, No. 274, entitled "an act relative to registry," declares that "no notarial act concerning immovable property shall have any effect against third persons until the same shall have been recorded," etc. The second section directs how and where the acts shall be recorded, and it provides further " that all sales, *contracts* and judgments, which shall not be so recorded *shall be utterly null and void*, except between the parties thereto. The recording may be made at any time, *but shall only affect third persons from the time* of the recording." Acts of 1855, page 335.

"This is the last expression of the legislative will upon the subject, and it is clear, precise, and contains no exception or qualification."

Whether the laws be good or bad is immaterial; courts are bound by them, and must determine the rights of litigants in accordance with their provisions. The lawgiver, it would seem, was determined to settle the vexed question, whether knowledge was equivalent to registry in Louisiana, and he declared that it was not. "All sales, contracts and judgments, which shall not be so recorded, shall be *utterly null and void*, except between the parties." It can not be pretended that Weaver was *a party* to the mortgages in favor of Baquié or Hauck. They were therefore null as to him, and could not affect his rights.

We concur in the views expressed by Mr. Chief Justice Merrick in the dissenting opinion in Swan *v.* Moore, 14 An. 838. See also 7 N. S. 662; 2 La. 125; 4 La. 241; 6 La. 541; 11 La. 342; 3 R. 160; 6 R. 314; 9 R. 14; 11 R. 56; 1 An. 249; 2 An. 598, 788; 6 An. 772; 4 An. 269.

The view we have taken of this case makes it unnecessary to notice the bill of exceptions.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and that there be judgment recognizing the mortgage in favor of W. D. Weaver as first in rank, and entitled to be paid out of the proceeds of the sale of the mortgaged property in the hands of the sheriff by preference. It is further ordered that the plaintiff pay the costs of both courts.