## No. 5010.

### Louis Dupleix v. Alexander Deblieux, Executor

The plaintiff has instituted this suit to recover the amount of certain notes which he gave for having purchased at the succession sale, of one Sompeyrac the undivided half of a tract of land. He alleges that these notes were paid in error, having recently discovered that the said succession had no title to the undivided half of the tract of land so sold and adjudicated to him, and hence that he paid what he did not owe and for something which he did not acquire.

The plaintiff's action is premature, as no eviction or disturbance has occurred; and if it be considered an action of rescision, which it is in effect, it is defective, because plaintiff has been in possession several years, has made no tender of the property, or offer to return the same to the defendant, nor made an allegation that he has been disquieted, or has a just reason to fear disturbance or eviction. The demand, as made, puts the plaintiff in the position of keeping the property and demanding the return of the price.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborne, J. J. B. T. Tucker, A. & W. Voorhies,* for plaintiff and appellant. *Morse & Dranguet,* for defendant and appellee.

Howell, J. In November 1863 the plaintiff purchased at the succession sale of A. Sompeyrac, deceased, the undivided half of a tract of land, described in the petition, for which he executed two notes due first of April, 1865 and 1866 respectively, which he paid at maturity of each. In February, 1872, he instituted this suit to recover the amount of said notes with interest, on the ground that he paid them in error, having recently discovered that the said succession " had no title to the undivided half of the tract of land so sold and adjudicated to him out of the Government of the United States at the date of the

said adjudication," .and hence he paid what he did not owe and for something that he did not acquire. The defendant excepted that plaintiff's suit "is premature for the reason that he ·had not been disturbed and much less evicted from the land described in the petition ; that no such allegations are found therein." This exception was referred by the court to the merits and an anwser was filed containing a general denial and said ground of exception. On the trial evidence was introduced by the parties and objections made thereto by each, and judgment of nonsuit was given and the plaintiff appealed.

The plaintiff insists that his action is not one for the rescision of the contract of sale, but one, under articles 2133 and 2452, R. C. C. and 18 C. P., for the restitution of what he has paid in error, the succession having sold the property of another.

In the case of Bonnabel v. First Municipality, 3 An. 700, in which similar allegations were made, the court held "that article 2452, (2427) must be reconciled with the provisions of article 2560, (2538) which are, that the purchaser, who has paid the price, can neither demand a *restitution* of it nor security even, during the pendency of the suit brought to evict him ; and he can not, *a fortiori*, do so before any disturbance has taken place."

Applying this doctrine to the case now before us, the plaintiff's action is premature, as no disturbance nor eviction has occurred. And if it be considered an action of rescission, which it is in effect, it is defective, because he has been in possession several years, has made no tender of the property or offer to return the same to the defendant, nor made an allegation that he has been disquieted or has a just reason to fear disturbance or eviction. See 14 An. 473.

In the case of Buford v. Valentine, 3 N. S. 57, cited by plaintiff, there was a charge and proof of *fraud* on the part of the vendor, while in this no such charge is made. And in Pepper v. Dunlap, 9 R. 283, also relied on by the plaintiff, where the vendee was resisting payment, there was an allegation and proof that the claim of the vendor to the land had been rejected by the land commissioners and that it had, since the sale, been patented to other persons by the government. Here the simple allegation is that the succession has no title to the land out of the government of the United States. This, under the ruling in 3 An. above quoted, is not sufficient for a reclamation of the price paid, under the circumstances set out in the petition. The demand, as made, puts the plaintiff in the position of keeping the property and demanding the return of the price. We think there is no error in the judgment of nonsuit against the plaintiff on his allegations.

Judgment affirmed.