## No. 7745.

## J. H. BEARD VS. WHITE CASH ET AL.

A creditor of a succession who has received his share of the proceeds of the sale of certain land belonging to the succession, cannot be heard to claim the annulment of the sale, and to assert his title to the land.

The creditor of a succession cannot revendicate the property of the succession which has been sold to pay its debts, without first tendering the price, or so much thereof as was applied to the extinguishment of those debts.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman, J.*

*Hicks & Hicks* for plaintiff and appellant.

*T. T. & A. D. Land* for defendant and appellee.

---

Hicks & Hicks, for plaintiff and appellant, contended:

### I.

Offer of restitution of the purchase price was unnecessary. 13 A. 190; C. C. 3451, 3452, 3453; 6 R. 211; 15 A. 519; 24 A. 253; 31 A. 372.

### II.

The decree in the mortuary proceeding is not a bar to this action. C. P. 345, 539; 9 M. 520–1–2; 7 N. S. 364–5; 6 R. 422; 1 Greenleaf Ev. sec. 530; 14 A. 492; 16 A. 198; 26 A. 595; 30 A. 268. But this suit is not probate in character, but of ordinary jurisdiction, for the recovery of the land sold at probate sale; and for that purpose to annul the sale for want of validity in the probate proceedings, and for want of compliance with the order of sale. There is a wide legal difference between annulling probate proceedings, which can only be done by the probate court, and are therefore probate in character, and annulling a sale ordered by that court, because of the absolute nullity of its orders and proceedings, or for want of

compliance with the order of sale. The latter questions are of ordinary cognizance. 28 A. 305 ; 29 A. 502. It is evident the exceptions cannot be maintained.

### III.

The decree of sale is void for want of jurisdiction :

1. Because White's appointment as administrator was void for want of jurisdiction in the court to appoint him. C. C. 1153, 4 ; 10 A. 547 ; 9 A. 355 ; C. C. 1158, paragraphs 2 and 3 ; C. P. 1017, 1018, 1019 ; 22 A. 96 ; 25 A. 475 ; 12 A. 45 ; 28 A. 324 ; 8 Cranch, 9–26 ; Freeman on Void Judicial Sales, sec. 7.

2. If his appointment was valid, he could not act as administrator till he gave bond. C. C. 1041, 1048, 1026 ; 11 L. 156; 7 R. 26 ; 9 R. 141 ; 12 R. 43 ; 1 Yerger, 69 ; 2 N. S. 518 ; 6 L. 586 ; C. C. 2278, 3035 ; 27 A. 435 ; Freeman on Void Judicial Sales, sec. 2 and 10 ; 7 Mass. 79 ; 23 Ill. 490 ; 11 Mass. 507 ; 36 Wis. 267 ; 27 Tex. 501 ; 2 Leigh. 719 ; 26 Ala. 247 ; 10 Wis. 541 ; 13 do. 291.

3. For want of notice to the attorney of absent heirs. C. C. 1149, 1166, 1170 ; 11 L. 156 ; 13 L. 434 ; 3 R. 35 ; 10 R. 398 ; 18 A. 495–6.

4. Because the sale was made to pay the expenses of administration. 29 A. 562 ; Rorer on Judicial Sales, sec. 478 ; 21 A. 507 ; 14 A. 598, 622.

### IV.

The sale is void because not made in conformity to the decree. 2 L. 328 ; 18 A. 728 ; 29 A. 502.

T. T. & A. D. Land, contra, contended :

1. It is too clear for argument or comment, that the jurisdiction of the parish court to appoint an administrator of the succession of Wm. Nesbitt, the legality of White's appointment and qualification, as administrator, the legality of the order of court decreeing the sale of the land in dispute, and the legality of all the proceedings in the probate court anterior to said sale, are *res adjudicata.*

We *further* contend that the homologation of the account, distributing the proceeds of the land sold *between the heirs,* concludes them as to the validity of said sale, *even though there had been no order of sale.* Coiron vs. Millaudon, 3 A. 664.

No court in this State has the power or authority to revise or annul the judgments of the parish and Supreme Courts already referred to. They are conclusive of the issues presented in plaintiff's petition.

If plaintiff had been no party to the judgment homologating the said account, equity would demand that he restore or offer to restore to the purchaser that part of the price which inured to the benefit of the succession of Nesbitt, *before* bringing a suit to annul the sale.

This he did not do.   The position of his counsel that such a tender
was not necessary, because the purchaser was indebted to plaintiff
for rents of the land in dispute from the date of the probate sale,
would render nugatory the equitable provision of the law above
cited.   Plaintiff must make the tender as a condition precedent to
suit.   The liability of defendant for rents would be a consequence of
the judicial annulment of the sale.   Hence the sum that should have
been tendered cannot be compensated by a claim or demand the
existence of which depends on the successful prosecution to final
judgment of the action of nullity.

Plaintiff having been a party to the judgment homologating the final
account of the administrator, and having obtained judgment as heir
for a part of the purchase price of the land, is concluded from
questioning the validity of the sale, as shown by the case already
cited.

The opinion of the court was delivered by

MANNING, C. J.   Reuben White, one of the defendants, had been ap-
pointed administrator of the succession of William Nesbitt, and sold
under order of court a tract of land of seventy acres to pay debts of
the succession. Nesbitt's heirs were three collateral relations, and the
plaintiff purchased the interest of two of them in the succession.
White filed an account of his administration, which was opposed by the
plaintiff, and on appeal to this court, it was amended by increasing the
balance against White.   Opinion Book at Monroe, July Term 1878.

Cash was the purchaser of the land at the succession sale, and paid
the price, which formed the principal part of the assets accounted for
by White, which were used, so far as was necessary, in the payment of
the succession debts and charges, leaving a residue, two thirds of which
were adjudged to be due the plaintiff.

This action is to annull the sale of the land on many alleged grounds
of informalities, of invalidity of White's appointment as administrator,
of want of qualification, etc.   An exception was made to the action—
that the price of the land had been paid, and was used in part for the
legitimate purposes of administration under and according to a decree
of this court, and the residue was decreed to be paid to the heirs of the
deceased, viz.: to the plaintiff as assignee of two of the heirs, and to the
third by name—that the plaintiff was a party to these probate pro-
ceedings, and obtained an increase of the balance due from the admin-
istrator on his opposition to the account—that as a condition precedent
to the institution of this suit, the plaintiff should have tendered the
price of the land which has not at any time been done—and that as the
plaintiff has a judgment against the administrator for the residue of

Beard vs. Cash et al.

the price of the land, he cannot recover the land also, or any part thereof.

This exception was referred to the merits, and a trial was had resulting in a judgment for the defendants.

The plaintiff, with a final judgment in his favour for his proportion of the balance on account due from the administrator, rendered on his opposition to that account, and increased at his instance—the proceeds of sale of the land forming the principal part of the assets accounted for, and being the exclusive fund out of which his judgment is to be paid—cannot be heard to claim the annulment of the sale which produced the assets, and to assert his title to the land. Nor can he revendicate the land without first tendering the price, or so much thereof as was applied to the extinguishment of the debts and charges of the succession. Coiron v. Millaudon, 3 Annual, 664.

He is estopped by his own judicial proceeding, and judgment was rightly given against him on the merits.

Judgment affirmed.