(110 So. 84)

No. 27693.

## DERBES v. ROGERS.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Injunction ⬅152.**

A ground alleged why an injunction should not issue, triable on the face of the papers, did not call for introduction of evidence.

**2. Injunction ⬅39—One cannot omit demand for specific performance under contract entitling him to conveyance, and sue merely for injunction to prohibit sale by vendor to another person.**

While one who has a contract entitling him to specific performance, which binds another to convey real estate to him, may sue for specific performance and sue out a writ of injunction, he cannot omit demand for specific performance and sue merely for injunction to prohibit the other party from selling to third person.

**3. Judgment ⬅252(1)—Where petitioner alleged contract entitling him to specific performance, but merely asked injunction to prohibit sale to another, specific performance could not be ordered.**

Where applicant for injunction took position in his pleadings that he had a contract, which entitled him to specific performance, yet did not demand specific performance but merely asked for injunction to prohibit sale to another, court could not order specific performance without going beyond the petition.

Appeal from Civil District Court, Parish of Orleans; Wm. H. Byrnes, Jr., Judge.

Application for an injunction by Philip J. Derbes against Clarence J. Rogers. From a judgment rendered against defendant, he appeals. Judgment annulled and set aside, reserving to plaintiff right to sue in proper form for relief.

Charles Louque, of New Orleans, for appellant.

Prentice E. Edrington, Jr., of New Orleans, for appellee.

OVERTON, J. Philip J. Derbes brought this suit, alleging that Clarence J. Rogers agreed, in writing, to sell him 39 lots, situated in that part of New Orleans known as Lake View; that he accepted the offer, and paid Rogers $1,750 on account of the purchase price of $17,500; that Rogers accepted the payment; that, of the 39 lots that Rogers agreed to sell him, 30 of them are still standing of record in the name of the New Orleans Land Company; that Rogers holds a bond for deed from said company for the 30 lots; that upon this bond there was a balance due by Rogers to that company; that Rogers requested said company, upon the payment of the balance due by him on said lots, to transfer title to the same to Derbes; that Rogers is now attempting to repudiate and withdraw from his agreement; that he (Derbes) believes and alleges that Rogers, with such funds as he had and the $1,750 paid him, has satisfied the balance due said

company, and that said company and Rogers are about to consummate the sale of said lots to others for the purpose of defeating his (Derbes') rights, and that, in order to protect those rights, he is entitled to a writ of injunction, directed to said company and to Rogers, prohibiting them from disposing of said lots to others.

The prayer of the petition is as follows:

"Wherefore, the premises and the annexed affidavit considered, your petitioner prays that a temporary restraining order issue herein, commanding, enjoining, and restraining temporarily, and until the trial of the rule nisi to issue herein, the said Clarence J. Rogers and the New Orleans Land Company from in any manner transferring to any party other than your petitioner, Philip J. Derbes, the following described lots, to wit: [Here follows a description of the lots.] And your petitioner further prays that a rule nisi issue herein according to law, directed to the defendants to show cause on such a day and at such hour as the court may fix, why the temporary restraining order should not be made permanent, and why an injunction should not issue herein, commanding, restraining, and enjoining the said New Orleans Land Company and Clarence J. Rogers from in any manner disposing of or transferring to any person other than your petitioner the said lots above described, upon your petitioner's furnishing such bond as the court may fix. And your petitioner further prays that Clarence J. Rogers and the New Orleans Land Company, through its proper officer, be duly cited to appear and answer hereto; and after due proceedings had there be judgment in favor of your petitioner, Philip J. Derbes, and against defendants, Clarence J. Rogers and the New Orleans Land Company, perpetuating the injunction issued herein. And for all costs and for general and equitable relief."

The court granted a restraining order on this application and ordered a rule nisi to issue, directed to Rogers and the New Orleans Land Company, to show cause why the writ of injunction prayed for should not issue.

For answer to the rule nisi, Rogers appeared and alleged various reasons why the injunction should not issue. Some of the reasons alleged by him required the introduction of evidence. The court, after hearing the evidence introduced, and the arguments of counsel, rendered judgment, ordering a preliminary injunction to issue, prohibiting Rogers from disposing of the property to any one other than Derbes, upon Derbes' furnishing bond in the sum of $10,000. The New Orleans Land Company did not appear. No injunction was ordered to issue against it. Rogers alone has appealed.

[1] One of the grounds, alleged by Rogers, setting forth why the writ should not issue, was triable on the face of the papers, and hence did not call for the introduction of evidence. This ground is in the nature of an exception of no cause of action, and is as follows:

"Respondent avers that this is not a suit for specific performance, and that the writ of injunction is only a conservatory writ which can issue only during the pendency of a suit, and where there is no suit it cannot issue."

[2] The cause here shown, why the writ should not issue, is well grounded. While one who has a contract, entitling him to specific performance, which binds another to convey to him real estate, may sue to have the contract specifically performed, and at the same time, in order to preserve the status quo, sue out a writ of injunction, yet he has no right to omit the demand for specific performance, and sue merely for an injunction prohibiting the other party to the contract from selling to any other person than to him. In a case such as the present, the injunction should issue only as an incident to the demand for specific performance. Were it otherwise, the property involved in the contract might be withdrawn from commerce indefinitely, without the slightest reason therefor, as a result of perpetuating the injunction, or until it suited the convenience of the one suing out the writ to consummate the contract by purchasing the property, or else it might force the one enjoined to sue for the performance of the contract by the one who

sued out the writ, or to seek relief otherwise from an intolerable situation.

[3] While Derbes takes the position in his pleadings that he has a contract, which entitles him to specific performance, yet he does not demand specific performance. The suit is not one for specific performance, but is one merely to restrain Rogers and the New Orleans Land Company from selling the property to any other except Derbes. The court should have been placed in position to decree specific performance, should it have found plaintiff entitled to it, as a condition necessary to the issuance of the injunction. In this case the court cannot order the specific performance of the contract without going beyond the petition.

For the reasons assigned, the judgment appealed from is annulled and set aside, and said application for an injunction is dismissed, reserving to plaintiff his right to bring a suit in proper form for relief, should he deem proper, plaintiff to pay the costs hereof in both courts.