No. 2912

Second Circuit

---

SANDIFER v. STEPHENS

---

(March 14, 1928.   Opinion and Decree.)
(May 22, 1928.   Rehearing Refused.)
(July 2, 1928.   Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Bills and Notes—Par. 116, 129.

Under Sec. 14 of Act 64 of 1904, the Negotiable Instruments Law the fact that a note was signed in blank and that the agent of the drawer violated his instructions in filling out the blank, could not affect the holder who was without knowledge of such facts.

2. **Louisiana Digest—Bills and Notes—Par. 116, 128.**

Under Sections 52 and 56 of Act 64 of 1904 the Negotiable Instruments Law the purchaser of a note in due course must have had actual knowledge of the infirmity or defect of title, or that his action in accepting a note amounted to bad faith, in order to defeat his recovery on it. Therefore, where there is no evidence of bad faith and note is paraphed to identify it with mortgage, there being no alterations on the note, although note read for $600.00 and mortgage for $500.00, owner must be held purchaser in good faith.

3. **Louisiana Digest—Bills and Notes—Par. 204; Pleading—Par. 29.**

Where plaintiff, in suing on a promissory note, does not pray for interest or attorney's fees, under Art. 553 of the Code of Practice is not entitled to judgment for either.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by J. E. Sandifer against Sandy Stephens.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Barnette and Roberts, of Shreveport, attorneys for plaintiff, appellant.

Edward Barnette, of Shreveport, attorney for defendant, appellee.

WEBB, J. The plaintiff, Sandifer, alleges that defendant, Stephens, is indebted unto him in the sum of five hundred dollars with interest at the rate of eight per cent per annum from November 28, 1925, until paid, and ten per cent attorney's fees on the principal sum and interest, for a certain promissory note annexed to the petition which, he alleges, he acquired in due course and before maturity.

The note attached to the petition purports to have been drawn by defendant on November 28, 1925, payable six months after date to his own order, and by him endorsed in blank, and stipulates for eight per cent per annum interest from date and for attorney's fees of ten per cent, and on its face it bears marginal figures of ($500.00) while the writing calls for "six hundred dollars," and plaintiff alleges that a mortgage (as appears by copy of same attached to the petition) for five hundred dollars had been given by defendant to secure the payment of the note, and that the note was in fact for five hundred dollars and should be corrected so as to correspond with the mortgage.

He alleges that the mortgage contained a waiver of the homestead right of defendant and his wife, and that it had been passed before a notary public, and he prays that the note be corrected to conform with the facts and that he have judgment against plaintiff in the sum of five hundred dollars as alleged, with recognition of the mortgage, and for all orders, etc., and for general relief.

The defendant admitted his signature to the note and mortgage, and otherwise denied plaintiff's allegations, and alleged that the instruments had been signed by him in blank, that is, as to the amount, and that his wife had also signed the blank mortgage, which instruments had been entrusted to M. L. Clements with instructions to fill in the amount for four hundred dollars, and to negotiate the note and account to defendant for three hundred and seventy-five dollars, and that Clements had only delivered to defendant two hundred and fifty dollars in cash and given him a due bill for one hundred and twenty-five dollars.

Defendant further alleged that plaintiff had knowledge of the entire transaction,

and that the note was defective, in that while the note stipulated for the payment of six hundred dollars plaintiff knew that defendant was not bound for that amount, and that plaintiff was not a holder in due course, etc., and that the note was not negotiable, and, further, that the homestead waiver was invalid, and he prayed that plaintiff's demands be rejected.

On trial judgment was rendered in favor of plaintiff for two hundred and seventy-five dollars with interest at the rate of eight per cent per annum from the date of the note, and with recognition of the mortgage for the amount of the judgment, from which plaintiff appealed and defendant answered the appeal praying that the plaintiff's demands be rejected, or in any event that the judgment be amended so as to strike therefrom the allowance for interest, urging there was no demand for interest.

The evidence establishes that the defendant had signed the note and mortgage in blank and entrusted same to M. L. Clements with instructions to fill the amounts to the extent of four hundred dollars, and to negotiate same and account to defendant for three hundred seventy-five dollars, and otherwise established the allegations of defendant's answer, with the exception that it was not established that plaintiff knew of the manner in which the note came into the possession of Clements, but on the contrary it was shown that plaintiff had acquired the note from M. L. Clements after the blank had been filled, before maturity, for a valuable consideration, and on representations of Clements that he was the owner of the note, who represented, however, that it was for five hundred dollars instead of six hundred.

The position taken by the defendant in his answer and urged here, is that the plaintiff, having knowledge that the note was not for six hundred dollars as shown by the written amount called for on the face of the note, was not a holder in due course, citing sections 14 and 52 of the Negotiable Instruments Law (Act No. 64 of 1904).

Section 14 of the statute relates to the manner in which blank instruments may be filled, and provides that the blanks must be filled in accordance with the authority given, and the authorities cited by defendant would be applicable had the blank note come into the possession of the defendant and the amount been filled in by him; but the evidence, as stated, shows that the blank had been filled in by some one, we presume by Clements, before the note was negotiated to plaintiff, and comes within the provision of the section cited to the effect that "if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given," (Stanley vs. Davis, 107 S. W. 773; Johnson vs. Knipe, 105 Atl. 705; Bank of Pittsburgh vs. Neal, 22 How. 107; 16 Law Ed. —; Davidson vs. Lanier, 4 Wall. 457, 18 Law Ed. —; Angle vs. N. W. Ins. Co., 92 U. S. 330, 23 Law Ed. —), and the fact that the note was signed in blank and that the agent of the drawer violated his instructions in filling out the blank, could not affect the holder who was without knowledge of such facts.

Section 52 of the statute, which, in substance, declares that a holder in due course is one who has accepted the transfer of a note complete and regular upon its face before maturity, in good faith, for value, without knowledge of any infirmity in the instrument or defect in the title, of the person negotiating it, must be construed in connection with section 56 of the statute,

which, in substance, provides that to constitute notice of the infirmity or defect of title, the purchaser must have had actual knowledge of the infirmity or defect, or that his action in accepting the note amounted to bad faith, and the evidence certainly does not show that plaintiff had such knowledge. (Randolph, Commercial Paper, No. 689), and unless the mere fact that the plaintiff accepted the note with knowledge that it was not for the amount stipulated, prevented him being held a holder in due course, we do not see any reason why he should not recover the amount.

In Theard vs. Gueringer, 115 La. 242, 38 South. 979, the holder of a note, with knowledge that it was for less than the amount stipulated, was held to be a holder in due course, and the same has been held where an endorsement was made on the note, reducing the amount of the note, with the knowledge of the transferee and without that of the drawer. (State Solicitors Co. vs. Savage (Miss.) 23 South. 413; Douglas vs. Wilkinson, 22 Wend. (N. Y.) 539; Bank vs. Evans, 9 W. Va. 373).

There was not any alteration in the note, and the fact of plaintiff having knowledge that it was for less than the amount stipulated was merely a circumstance to be considered, in determining the good faith of plaintiff, and it being the only circumstance to impugn it, and whatever weight may be given to the circumstance we think it was more than offset by the fact that the note also bore marginal figures showing it was for five hundred dollars, and was paraphed to identify it with an apparently authentic act of mortgage to secure the payment of the note, and fixing the amount at five hundred dollars, and we are of the opinion that the evidence established defendant's good faith, and that he is entitled to the amount of five hundred dollars, with recognition of the mortgage.

Relative to interest and attorney's fees, plaintiff did not specifically pray for judgment for either, but in argument it was urged that the note and mortgage being attached to the petition and the plaintiff, in the mortgage, waiving the benefit of appraisement and confessing judgment, that the interest and attorney's fees should be allowed under the prayer for general relief.

Article 553 of the Code of Practice declares that "interest shall not be allowed by the judgment, unless the same have been expressly claimed, and then only in cases in which the law permits such interest to be stipulated;" and the mere fact that plaintiff alleged the defendant was indebted to him for interest, was not sufficient for allowance of interest in the judgment, as the statute is to be construed as written in all cases where conventional interest is to be allowed (Alcolea vs. Smith, 150 La. 482, 90 South. 769; Duke of Richmond vs. Milne, 17 La. 328).

The mortgage was shown to have been signed in blank and was not an authentic act (C. C. Art. 2234, et seq.) and it being attached to the petition did not add anything to the prayer for general relief.

The note and the mortgage were offered in evidence, but they were admissible under the pleadings, and although the offering was not restricted by any objection, the evidence did not extend the pleadings, and the plaintiff cannot be allowed interest or attorney's fees.

It is therefore ordered that the judgment appealed from be amended so as to increase the amount of the judgment to five hundred dollars, with recognition of the mortgage for that amount, and that the allowance for interest be stricken from the judgment, and as thus amended the judgment is affirmed.