(123 So. 603)

No. 29382.

### EXCHANGE NAT. BANK OF SHREVEPORT v. HOLOMON BROS. et al.

June 17, 1929. Rehearing Denied July 8, 1929.

Lyons & Prentiss and Lee & Gilmer, all of Shreveport, for appellant.

Dickson & Denny, of Shreveport, and W. D. Goff, of Arcadia, for appellees Kennedy & Denny Co., Inc., and others.

THOMPSON J. This suit is against Holomon Bros. as the maker of nine promissory notes, the balance due on which amounts to something over $20,000, exclusive of interest.

Kennedy & Denny Company, Inc., and Kennedy and Denny individually are also sought to be held liable in solido for the payment of said notes under the terms of two written guaranties executed on February 11, 1925.

The makers of the notes sued on made no defense, but Kennedy and Denny answered admitting the execution of the acts of continuing guaranty, but denied any legal liability thereon.

It is alleged: That they were induced to sign the acts of guaranty through the fraud and misrepresentation of one E. C. Payne, president of the Exchange National Bank.

That said Payne represented that said bank and the Exchange National Securities Company had an available contract in operation with Holomon Bros. whereby the Kennedy & Denny Company, Inc., which was engaged in the lumber brokerage business, could make a great deal of money with no liability.

That said Payne represented that the Exchange National Bank and the securities company under the said contract had bills of sale for some millions feet of lumber and logs on the yards of Holomon Bros., and that they held a timber deed to all the standing timber on the lands of Holomon Bros. and that there could be no loss or liability in guaranteeing the account of Holomon Bros.

That, after signing said guaranty on said representations, the said Kennedy and Denny ascertained that neither the Exchange National Bank nor the Exchange National Securities Company had any bills of sale of lumber, and did not have any timber deeds as represented.

There are other facts set forth which if true would release Kennedy and Denny from any liability on the guaranties, but which are unnecessary to make mention of here.

The guarantors pray that the demands of the plaintiff be rejected, and that they have judgment in reconvention against plaintiff in the sum of $2,000 damages for the violation of the terms and conditions of the guaranties.

After the trial had been concluded and all evidence introduced, but before argument and submission, the plaintiff moved to reopen the case for the introduction of more evidence, but this was refused by the court.

Whereupon the plaintiff moved verbally for a voluntary nonsuit as against all defendants. This was refused by the court.

The plaintiff then filed a written motion for a nonsuit, which was allowed, and suit was dismissed as of nonsuit, without prejudice, however, to the reconventional demand of defendants.

Thereafter the judge rendered judgment declaring the acts of guaranty to be null and void, and rejected the reconventional demand for damages as in case of nonsuit, and the plaintiff has appealed.

The defendants have not appealed, nor have they answered the appeal by plaintiff; hence we have before us only that part of the judg-

ment which declares the acts of guaranty null and void.

It is to be observed that the basis of plaintiff's demand against Kennedy and Denny were the two acts of guaranty. The defendants Kennedy and Denny had denied liability as guarantors, and had prayed for judgment rejecting the plaintiff's demand against them. When, therefore, the plaintiffs took a voluntary nonsuit, all questions of defendants' liability on the guaranty passed out of the court. There was no longer any issue between the parties as to defendants' (Kennedy and Denny) liability to the plaintiff on the guaranty.

. The suit was only retained for the purpose of considering the defendants' reconventional demand for damages. The validity or invalidity of the contracts of guaranty formed no part of the reconventional demand. There were no allegations in the answer to the effect that the guaranties were null and void for any reason.

The only allegations in the answer were to the effect that the defendants were not liable because of a breach of the contracts by the plaintiff.

There was no prayer for the nullity of the contracts—the prayer being that plaintiff's demand be rejected and for damages in reconvention.

The first part of the prayer was answered, so far as the present suit is concerned, by the plaintiff taking a voluntary nonsuit. The second part of the prayer was answered by a judgment of nonsuit in which the defendants have acquiesced.

It is perfectly obvious, therefore, that the part of the judgment from which plaintiff has appealed is ultra petitionem.

It is therefore ordered and decreed that the judgment appealed from, in so far as it declares the acts of guaranty sued on to be null and void, is reversed and set aside. Otherwise the judgment is affirmed—the appellees to pay cost of this appeal.