## STAFFORD v. TOLMAS REALTY CO., Inc.†
### No. 14149.

Court of Appeal of Louisiana. Orleans.
Feb. 13, 1933.

---

*For opinion annulling decree, see 146 So. 784.

† Rehearing denied March 13, 1933.

L. B. Claverie, of New Orleans, for appellant.

Sidney G. Roos, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit, via ordinaria, to recover the sum of $495 representing installments alleged to be due on a certain mortgage note payable at the rate of $45 per month, and for recognition of a vendor's lien and privilege upon certain real estate securing the payment of the note. It is admitted that John F. Stafford brought the suit in his name for Stafford, Derbes & Roy, Inc., the owners of the notes.

Defendant answered, admitting the execution of the note and the mortgage, but denying liability on the ground that the said note and mortgage were obtained by fraud and misrepresentation by the plaintiff's real estate salesman, who induced the defendant to purchase six squares of ground from plaintiff at the sum of $800 per square, agreeing in consideration thereof to have gravelled streets placed through the property, electric light and power lines installed in the subdivision, and water mains laid therein, within a year from the date of the sale, but that plaintiff not only neglected to have these improvements made, but peremptorily refused to do so about a year after the sale was effected and after defendant had paid to the plaintiff $975 on account of the purchase price of the property. Defendant in his answer prayed as follows:

"Wherefore, respondent prays that this cause be tried by jury, and that, after due proceedings had, it do have judgment in its favor and against the plaintiff, dismissing the plaintiff's suit at his cost, reserving to respondent the right to sue for the return of all sums paid to Stafford, Derbes & Roy, Inc., and the cancellation of the said sale;

"And it further prays for all necessary orders and for all general and equitable relief."

The jury rendered the following verdict:

"And after hearing the pleadings, evidence and argument of counsel, and the charge of the Court having been delivered to them, the said jury retired and thereafter, the said jury returned into Court, and through their foreman, tendered the following as their verdict.

"We, the jury, find a verdict for the defendant, rescinding the sale referred to in the pleadings, and reserving defendant's right to claim return of all amounts paid by it thereunder.

"[Signed] Clifford C. Morphy
"Foreman."

The trial judge rendered the following judgment:

"Considering the verdict of the jury herein, and the law and evidence applicable thereto, for the reasons orally assigned.

"It is ordered, adjudged and decreed, that there be judgment herein in favor of the defendant, Tolmas Realty Company, Inc., against the plaintiff, John F. Stafford, rejecting the demands of the plaintiff, at his costs; reserving to the said defendant, the right to sue for the return of all sums paid to Stafford, Derbes & Roy, Inc., and the cancellation of the sale herein referred to, in plaintiff's petition."

Plaintiff has appealed from this judgment.

Plaintiff contends that, conceding arguendo that defendant successfully bore the burden of proving by a preponderance of the evidence the alleged misrepresentations and fraud, the court is powerless to grant defendant the relief sought because the prayer of the answer is entirely inadequate. Defendant counters by saying that under its prayer for equitable and general relief the court can render any judgment which would do substantial justice between the parties.

Assuming that defendant successfully showed that it was defrauded by the salesman of the plaintiff, a view most favorable to the defendant, but upon which issue we refrain from expressing any opinion, let us consider the question of the sufficiency of the prayer of defendant's answer.

We first note that defendant did not plead a failure of consideration, but predicated its whole defense upon the plea of fraud. The answer does not contain any averments that the defendant is still the owner of the purchased property, and that it is ready and

willing to reconvey the property to the plaintiff upon the return of the sum of $975, paid on account of the purchase price. No attempt was made by defendant on the trial of the case on the merits to offer evidence along these lines which might tend to enlarge the pleadings, although our learned brother below was liberal in permitting defendant to offer all evidence tending to show misrepresentation and fraud. In short, defendant made no attempt to enlarge the pleadings by offering evidence tending to show that, because of the alleged fraud, defendant was willing to have the court rescind the sale and order the return of the real estate to the plaintiff, and the amount of $975 paid on account of the purchase price to be refunded to defendant.

Defendant expressly prays that plaintiff's suit be dismissed and that defendant's right be reserved to ask for the rescission of the sale and the return of the money paid on account of the purchase price in another suit. We observe that the verdict of the jury went beyond the prayer and rescinded the sale and reserved to defendant its right to claim from the plaintiff all amounts paid on account of the purchase price. The judgment of the court below, however, restricted the verdict of the jury in accordance with defendant's prayer, with the result that the defendant has the plaintiff's property, whether desirable or undesirable, valuable or worthless, and with a right to choose the time, if he desires to do so, to enter a suit for the cancellation and rescission of the sale and return of the amount paid on account of the purchase price.

In Poche v. New Orleans Home Investment Co. et al., 52 La. Ann. 1287, 27 So. 797, 798, the Southern Athletic Club owned certain real estate in the city of New Orleans which was sold to the New Orleans Home Investment Company, Limited, for the sum of $12,000, represented by two notes each for the sum of $6,000. One of the notes, without knowledge of the Athletic Club, was negotiated to Mrs. Poche, and the other was retained by the club. When the officers of the club learned that the property had not been sold for $6,000 cash and a $6,000 note as agreed, but had been sold as above described, it intervened in a foreclosure proceeding by Mrs. Poche against the Home Investment Company, and prayed that "the sheriff be restrained from making title to Mrs. Poche; that the sale of March 27, 1896, to the Home Investment Company be annulled; and that the ownership of the property in question be decreed to be in the Southern Athletic Club." The club did not tender the return of the note and the cash that it received on account of the purchase price of the property. Mrs. Poche and the Home Investment Company filed exceptions of no cause of action on the ground that the third opponent did not allege that it had returned, or offered to return, the note and cash received by it representing the purchase price. There was judgment adverse to the third opponent, and it appealed. In affirming the decision of the lower court, the Supreme Court said:

"The petition of third opposition is really a suit in revendication. Before bringing the suit the plaintiff did not return the price of the sale which it had received, neither did it offer to do so, nor has it done so since.

"The proposition is well settled that a vendor cannot maintain a suit in revendication without having first tendered the return of the price. He cannot retain the price, and claim the restoration of the property which was sold. A party demanding the rescission of a contract must return or offer to return the consideration received by him.

"George v. Knox, 23 La. Ann. 355; Heirs of Castle v. Floyd, 38 La. Ann. 583; Walden v. City Bank, 2 Rob. 180; Latham v. Hicky, 21 La. Ann. 426; Lee v. Taylor, 21 La. Ann. 514; Beard v. Cash, 32 La. Ann. 121; Davidson v. Davidson, 28 La. Ann. 269; Dupleix v. Deblieux, 26 La. Ann. 218.

"'This right of withdrawal or rescission * * * is predicated upon an obligation upon the rescinding party to restore what he has received under the ultra vires contract, and to put the other party in statu quo as nearly as may be.'"

In the case of Sandifer v. Stephens, 8 La. App. 546, the plaintiff sued the defendant on a mortgage note in the sum of $500 with 8 per cent. interest and 10 per cent. attorney's fees. He failed, however, to pray for the interest and attorney's fees. The trial court allowed the interest, but refused to grant the attorney's fees. The Court of Appeal for the Second Circuit held that both the attorney's fees and interest should not be allowed, giving as its reasons the following:

"Relative to interest and attorney's fees, plaintiff did not specifically pray for judgment for either, but in argument it was urged that the note and mortgage being attached to the petition and the plaintiff, in the mortgage, waiving the benefit of appraisement and confessing judgment, that the interest and attorney's fees should be allowed under the prayer for general relief.

"Article 553 of the Code of Practice declares that 'interest shall not be allowed by the judgment, unless the same have been expressly claimed, and then only in cases in which the law permits such interest to be stipulated;' and the mere fact that plaintiff alleged the defendant was indebted to him for interest, was not sufficient for allowance of interest in the judgment, as the statute is to be construed as written in all cases where conventional interest is to be allowed (Alcolea v. Smith, 150 La. 482, 90 So. 769 [24 A. L. R.

815]; Duke of Richmond v. Milne, 17 La. 328).

"The mortgage was shown to have been signed in blank and was not an authentic act (C. C. Art. 2234, et seq.) and it being attached to the petition did not add anything to the prayer for general relief.

"The note and the mortgage were offered in evidence, but they were admissible under the pleadings, and although the offering was not restricted by any objection, the evidence did not extend the pleadings, and the plaintiff cannot be allowed interest or attorney's fees."

In the case of Derbes v. Rogers, 162 La. 49, 110 So. 84, 85, Rogers had purchased 39 lots of ground in a subdivision called Lakeview in New Orleans from the New Orleans Land Company, under a bond for deed, there being a part of the purchase price still due thereon. Rogers then entered into a contract in writing to sell the land to Derbes, the plaintiff, for the sum of $17,500, on account of which there was a deposit of $1,750, there being a stipulation for the right of specific performance. Derbes was informed that the New Orleans Land Company and Rogers were about to sell the property to a third party, and filed injunction proceedings to restrain them from selling the property to any one else except himself, but he did not pray for specific performance of the contract. In dismissing plaintiff's suit, the Supreme Court said:

"In a case such as the present, the injunction should issue only as an incident to the demand for specific performance. Were it otherwise, the property involved in the contract might be withdrawn from commerce indefinitely, without the slightest reason therefor, as a result of perpetuating the injunction; or until it suited the convenience of the one suing out the writ to consummate the contract by purchasing the property, or else it might force the one enjoined to sue for the performance of the contract by the one who sued out the writ, or to seek relief otherwise from an intolerable situation.

"While Derbes takes the position in his pleadings that he has a contract, which entitles him to specific performance, yet he does not demand specific performance. The suit is not one for specific performance, but is one merely to restrain Rogers and the New Orleans Land Company from selling the property to any other except Derbes. The court should have been placed in position to decree specific performance, should it have found plaintiff entitled to it, as a condition necessary to the issuance of the injunction. In this case the court cannot order the specific performance of the contract without going beyond the petition."

See, also, Exchange National Bank v. Holomon Bros. et al., 168 La. 870, 123 So. 603.

If defendant had pleaded failure of or want of consideration in its answer and proved this defense, we would have been in a position to have nonsuited the plaintiff, who would then have been required, before bringing another suit, to have complied with its agreement of making the alleged improvements, but, under the prayer of defendant's answer, if we dismiss the plaintiff's suit and reserve to defendant the right in another proceeding to seek the rescission of the sale and the return of the money paid on account of the purchase price, we have no way of compelling the defendant to bring that action, and, consequently, the defendant would have title to the property in its name without paying the agreed purchase price. Under such a decree the defendant could indefinitely withhold filing such a suit and thereby enjoy the property without paying for it.

■ It appears to us, to paraphrase what the Supreme Court said in the case of Derbes v. Rogers, supra, we cannot order the rescission of the sale and return of the money paid on account of the purchase price without going beyond the defendant's answer and, particularly, the prayer thereof.

■ Under the defendant's prayer for equitable and general relief, we might be authorized to render a decree. which, in some respect, was not specifically prayed for, particularly where the evidence enlarged the pleadings, but we do not feel that we can disregard the expressed prayer of the defendant, since there has been no attempt made to amend its answer or to introduce evidence which might enlarge the pleadings so as to justify us in taking the view that the answer was in the nature of a claim in reconvention for the rescission of the sale and the return of the purchase price. We believe this is particularly true in view of the fact, as we have above stated, that the defendant has not made any attempt to show that it still owned the property, that it was ready and willing to return it to the plaintiff, and that it desires to have returned to it $975 paid on account of the purchase price.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, John F. Stafford, and against the defendant, Tolmas Realty Company, Inc., in the sum of $495, with interest thereon at the rate of 6 per cent. per annum from April 22d, 1927, until paid, and 10 per cent. attorney's fees thereon, and with recognition and maintenance of plaintiff's vendor's lien and mortgage upon plots numbered 46, 47, 50, 51, 64, and 89 in the Manson subdivision in the parish of Jefferson, as appears on a map of the said subdivision made by S. A. Colonge & Sons, dated May 30, 1926, and as more fully described in the plaintiff's petition

and the act of sale and mortgage by Stafford, Derbes & Roy, Inc., to Tolmas Realty Company, Inc., before Joseph Lautenschlaeger, notary public, dated April 22, 1927, and recorded M. O. B. 74, folio 629, parish of Jefferson. Defendant to pay all costs of court.

Reversed.