On Rehearing
 

 FOURNET, Justice.
 

 This proceeding was instituted by all of the heirs of H. H. and Martha Jane Addison with the exception of their son H. Kirby Addison, who was made a party defendant. In it the petitioners are seeking to have themselves placed in possession of the estates of the decedents.
 

 Answering, H. Kirby Addison claimed that with the exception of a small percentage owned by his brother, Harvey Addison, he was the sole owner of the estates of both his father and mother by virtue of a deed dated January 23, 1933, wherein his mother transferred to him, in addition to her half of the community property, those portions of her husband’s community and separate estates that she had acquired from her children, by both purchase and inheritance. His co-heirs thereupon filed a supplemental and amended petition wherein they alleged that H. Kirby Addison, who-had never married but had lived with his mother and managed her affairs following the death of H. H. Addison in 1900, took possession of and concealed all of his mother’s property, real and personal, following her death in 1936 in order to defraud them of their rights in and to her succession. They specifically alleged that the deed under which he claimed to have acquired her property was fraudulently executed and was a forgery, disavowing her signature. They prayed that inasmuch as their co-heir had concealed the property in his mother’s succession, his right to inherit from her be decreed barred and that they be placed in possession of her entire estate.
 

 The trial judge concluded the sale to H. Kirby Addison under the deed of January 23, 1933,- should be annulled and set aside,, being convinced from all of the facts and circumstances surrounding its confection and recordation that it was a simulation pure and simple; that it had never been Mrs. Addison’s intention that the property would go to her son H. Kirby Addison until after her death and that since her bequest thereof was not in the form required for dispositions mortis causa, it was void. He concluded, however, that, with the exception of a mortgage note for $489 which, with the accumulated interest thereon, had been paid into the treasury of the court by the mortgagor, Hosea Lee Addison, the petitioners had failed to show by a preponder
 
 *432
 
 anee of the evidence the movable property allegedly forming a portion of Mrs. Addison’s estate had belonged to her at the time of her death. All of the parties appealed from this decision.
 

 On our original hearing of this matter we affirmed the judgment of the trial judge, concluding that a forgery of the deed had not been established but that the transaction was a simulated one. We granted this rehearing primarily because of H. Kirby Addison’s insistence in his application that the issue of a simulated sale was never pleaded in the lower court and that inasmuch as the evidence upon which we concluded the sale was a simulation was relevant and admissible under the pleadings, the pleadings were not enlarged as a result of such admission and the evidence could not, therefore, support the judgment rendered.
 

 On this phase of the case we commented in our original opinion that “the argument advanced for the defendant is mainly that the plaintiffs did not plead in their supplemental petition that the transaction by which Mrs. Addison transferred her property to the defendant was a simulation, or that the price or consideration was not actually paid. The allegation, stated exactly, in the supplemental petition is ‘that H. Kirby'Addison forged and fraudulently executed’ the instrument in question.” We concluded “that that allegation necessarily includes the implication that there was no consideration paid by Addison for the deed which he is charged with having forged and fraudulently executed. Besides, no objection was made during the trial of the case to the testimony indicating that Mrs. Addison did not receive the price or consideration stated in the deed.”
 

 We think the evidence forming the basis of our original judgment was relevant and material since it threw some light on the question of whether or not Mrs. Addison did execute the deed, as against the contention that it was a forgery. Consequently, under the well-established jurisprudence of this state such evidence could not have the effect of enlarging the pleadings (Succession of Dauphin, 112 La. 103, 36 So. 287; Tensas Delta Land Co. v. Ferguson, 128 La. 171, 54 So. 708; City of Shreveport v. Chatwin, 139 La. 531, 71.So. 791; Hope v. Madison, 192 La. 593, 188 So. 711), and the court has no power to grant relief for causes not prayed for. Derbes v. Rogers, 162 La. 49, 110 So. 84; Peters v. Norris, 191 La. 436, 185 So. 461; and Hope v. Madison, supra.
 

 We not'only-think the evidence in the record as made up ample to sustain the conclusion we reached originally that H. Kirby Addison gave no consideration for the instrument in controversy, but we also think the evidence of the defendant is very unimpressive and strongly suggests that the instrument was fraudulently confected for the purpose of ultimately depriving his coheirs of their rights in and to the succession of Martha Jane Addison. It is our
 
 *433
 
 opinion, therefore, that the interests of justice would be best served by remanding the case so that all parties in interest may be given an opportunity to introduce additional evidence. Both sides are to be allowed to file Such pleadings as their respective interests may require.
 

 For the reasons assigned the judgment of the lower court annulling and setting aside the deed of January 23, 1933, is overruled and the case is now ordered remanded to the lower court for further consideration consistent with the views herein expressed. All costs are to await the final determination of this matter. The right to apply for a rehearing is reserved to the ' plaintiffs.
 

 O’NIELL, C. J., concurs in the decree.