KING, Judge,
concurring in part and dissenting in part.
I respectfully concur with the opinion of the majority that affirms the trial court judgment finding Bunge Corporation (hereinafter Bunge) not liable to American Security Bank (hereinafter plaintiff) on the basis that the crop pledge given by Joseph Richard Brunet (hereinafter Brunet) to plaintiff was not properly recorded. Since the crop pledge given by Brunet to plaintiff was not in his full name, I agree that under these circumstances Bunge, as a third party, could not be given sufficient constructive notice of the existence of the crop pledge.
I disagree with the opinion of the majority reversing the trial court judgment in favor of Farmers Drier and Storage Co., Inc. (hereinafter Farmers Drier).
The majority specifically finds that the crop pledge in question was not properly recorded as to Bunge, since it was not in Brunet’s full name and did not give sufficient constructive notice to third parties so as to be effective against them, relying on Evangeline Bank & Trust Co. v. Deville, 367 So.2d 1252 (La.App. 3 Cir.1979). A crop pledge is not properly recorded when it is not in the correct name of the pledgor. Evangeline Bank & Trust Co. v. Deville, supra; Dixie Savings & Loan Assoc. v. Sharp, 505 So.2d 157 (La.App. 4 Cir.1987); First Financial Bank, F.S.B. v. Johnson, 477 So.2d 1267 (La.App. 4 Cir.1985). When properly recorded, a crop pledge is effective against third persons, so that the immediate purchaser of a pledged crop has constructive notice of the pledge and is personally liable to the crop pledgee, at least up to the value of the crop purchased by him. City Bank and Trust Co. v. Marksville Elevator Co., 221 So.2d 853 (La.App. 3 Cir.), writ den., 254 La. 468, 223 So.2d 872 (1969). The majority then refuses to give Farmers Drier the same status as a purchaser, such as Bunge, protected against a pledgee of an improperly recorded crop pledge by the rule of law set forth in the Evangeline Bank case. The majority opinion recognizes and states that Farmers Drier sold Brunet’s pledged crops and was apparently acting as Brunet’s agent in selling his crops. Plaintiff alleged in its original petition that Farmers Drier sold the crops for Brunet and, in answers to interrogatories propounded to it by plaintiff, Farmers Drier answered that it had not purchased Brunet’s crops. Plaintiff, in its supplemental and amending petition against Bunge, alleged that Bunge purchased Brunet’s crops through Farmers Drier. Plaintiff, in answers to interrogatories of Bunge, admitted that they knew Brunet sold his crops to Bunge through Farmers Drier. The written demand for payment made by plaintiff’s lawyer upon Farmers Drier acknowledged and recognized that Brunet’s crops were sold by Brunet through the Farmers Drier facility. The deposition of James Ardoin, a representative of Farmers Drier, clearly shows that Farmers Drier only acted with Brunet’s permission as his agent in selling his crops. All of these facts were before the trial court on Farmers Drier’s Motion For Summary Judgment and clearly show that Farmers Drier was only the agent for Brunet in selling his pledged crops and was not the purchaser of Brunet’s pledged crops. As Farmers Drier is not a purchaser of Brunet’s pledged crops, the situation is the same as if Brunet had personally sold his pledged crops to Bunge and had then used the money or check or draft, representing the proceeds of the sale of his pledged crops, to pay his debt to Farmers Drier. Suppose Brunet had sold part of his pledged crops and, with the same money or check or draft received for the purchase price, had paid a merchant to whom he owed an unsecured debt. Would the merchant therefore be personally liable to plaintiff in this suit for the proceeds received from the sale of Brunet’s pledged crops? If so, then so would the butcher, the baker, and the candlestick maker — every individual — to whom Brunet may have paid a debt with a part of the proceeds of the sale of his pledged crops, be liable to the plaintiff in this suit. This means it would be unsafe for anyone to ever be paid with the proceeds from the sale of an agricultural crop if the pledge on the crops had not been paid to the pledgee. To entitle a *1350 pledgee to his pledge he would only have to establish the identity of the proceeds from the sale of the pledged agricultural crops. Yet the majority concedes that the pledge, not being properly recorded, is not effective to third party purchasers such as Bunge. How then can the pledge be effective as to the proceeds of the sale of the pledged crops which were paid to Farmers Drier when Farmers Drier was not even the purchaser of the pledged crops? Even where there is a valid crop pledge or privilege, the pledgee cannot reach the proceeds of the sale of the pledged crop in the hands of a third party as the pledgee has no personal right of action against such third party. Cf. Roger v. Milliken & Fanvell, 150 La. 657, 91 So. 143 (1922); Union Seed & Fertilizer Co. v. J. Supple’s Sons Planting Co., 139 La. 692, 71 So. 949 (1916). Apparently the majority believes that the plaintiff should be able to reach the proceeds of the sale of the pledged crops which Farmers Drier retained and applied to Brunet’s debt owed to them. If the majority does this just because Farmers Drier had actual knowledge of plaintiffs improperly recorded crop pledge, this is contrary to well established jurisprudence. It is a well established principle of Louisiana law that even actual knowledge is not a substitute for the requirement to properly record privileges. McDuffie v. Walker, 125 La. 152, 51 So. 100 (1910); Horang v. Plattsmier, 21 La.Ann. 426 (1869); Alison Mtg. Inv. Trust v. BPB Contractors, Inc., 362 So.2d 1203 (La.App. 4 Cir.1978); Wood v. Morvant, 321 So.2d 914 (La.App. 1 Cir.1975).
There is a dichotomy in the opinion of the majority in finding that an improperly recorded crop pledge is not legally effective as to the purchaser of the pledged crops but is legally effective as to the proceeds of the sale of the pledged crops in the hands of a third party who received the proceeds for payment of a debt.
For these reasons I respectfully dissent from the opinion of the majority reversing the trial court judgment in favor of Farmers Drier and against plaintiff.